# EXHIBIT 'A'

**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| COLUMBUS BANK AND TRUST COMPANY, A DIVISION OF SYNOVUS BANK,<br><br>PETITIONER,<br><br>v.<br><br>LAW OFFICE OF MICHAEL A. EDDINGS, P.C., FIRST AMERICAN TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE COMPANY, JEROME ROGERS, LACHONE TRICE, IKE A. NWAOBI, UNITED STATES OF AMERICA FOR US CORPS OF ENGINEERS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, TRC GLOBAL SOLUTIONS, INC., ELIZABETH WALLER, PRIMARY RESIDENTIAL MORTGAGE, INC., ET AL.,<br><br>RESPONDENTS. | CASE NO.<br>4:11-CV-00184-WLS |

**ANSWER OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2004-2 TO PETITIONER'S PETITION FOR INTERPLEADER ASSERTING INTEREST IN INTERPLED FUNDS**

COMES NOW, Respondent Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2 ("Deutsche Bank"), herein unnamed but intended Respondents in the above-styled action, and by and through their counsel hereby state their answers to Columbus Bank and Trust Company, A Division of Synovus Bank's ("CB&T) Petition for Interpleader ("Petition"), asserting interest in interpled funds as follows:

1.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 1; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 1.

2.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 2; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 2.

3.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 3; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 3.

4.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 4; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 4.

5.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 5; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 5.

6.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 6; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 6.

7.

Deutsche Bank admits the allegations contained in Paragraph 7 of the Petition. By way of further Answer, Deutsche Bank states that Deutsche Bank is a claimant of the funds noted herein.

8.

Deutsche Bank admits the allegations contained in Paragraph 8 of the Petition.

9.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 9; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 9.

10.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 10; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 10. Deutsche Bank further states that on or about September 9, 2011, Deutsche Bank and James Musselman entered into a Real Estate Purchase Contract ("Contract") to sell certain real property more commonly known as 8082 Veterans Parkway, Unit 42, Columbus, Georgia 31909 (the "Property). The Law Office of Michael Eddings, P.C. (the "Eddings Firm") was served as the closing attorneys for this transaction. After the sale closed on October 18, 2011, The Eddings Firm sent Deutsche Bank a copy of the HUD-1 Settlement Statement and the accompanying wire transfer receipt. (See attached as Exhibit "A"). The wire transfer receipt on October 19, 2011 shows that $158,837.67 was wired to Deutsche Bank as proceeds of the sale. Deutsche Bank has reviewed its records and determined that it never received the wire transfer from the Eddings Firm into any account Deutsche Bank. Deutsche Bank never received from the Eddings Firm the proceeds from the closing due and owing to Deutsche Bank under the Contract.

11.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 11; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 11.

12.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 12; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 12.

13.

Deutsche Bank is without sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 13; to the extent such allegations require an answer, Deutsche Bank denies the allegations contained in Paragraph 13.

14.

Responding to the unnumbered "Wherefore" paragraph of Plaintiff's Petition, Deutsche Bank responds to the sub-lettered paragraphs as follows:

(a) Deutsche Bank states that there is no response required;

(b) Deutsche Bank objects to this sub-paragraph in as much as Deutsche Bank is entitled to funds being remitted prior to CB&T's discharge from these proceedings;

(c) Deutsche Bank objects to this sub-paragraph in as much as Deutsche Bank is entitled to funds being remitted prior to CB&T's discharge from the proceedings;

(d) Deutsche Bank has no objection to this sub-paragraph;

(e) Deutsche Bank states that there is no response required.

Deutsche Bank hereby denies any and all other allegations and averments contained in the Petition not hereinabove specifically admitted or denied.

WHEREFORE, having answered and asserted their interest in the interpled funds, Deutsche Bank pleas unto the Court as follows:

(a) That this Answer be accepted and filed, and Deutsche Bank be allowed to intervene in accordance with law;

(b) That Deutsche Bank's funds in the amount of One Hundred and Fifty-Eight Thousand, Eight-Hundred and Thirty-Seven Dollars and Sixty-Seven cents ($158,837.67) be disbursed to Deutsche Bank as the Court may deem appropriate;

(c) That Deutsche Bank be permitted to recover attorneys' fees and costs from the funds paid into the interpled funds; and

(d) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of May, 2012.

By: *_/s/Victoria C. Sand_* _____

Kyle S. Kotake, Esq.
(Ga. Bar No. 428697)
Victoria C. Sand, Esq.
(Ga. Bar No. 190088)
JOHNSON & FREEDMAN, L.L.C
1587 Northeast Expressway
Atlanta, Georgia 30329
Email: vcsand@jflegal.com
Telephone: (678) 298-8850
Facsimile: (404) 329-8088
Attorneys for Respondent
Deutsche Bank National Trust Company