**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| COLUMBUS BANK AND TRUST COMPANY, A DIVISION OF SYNOVUS BANK,<br><br>PETITIONER,<br><br>v.<br><br>LAW OFFICE OF MICHAEL A. EDDINGS, P.C., FIRST AMERICAN TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE COMPANY, JEROME ROGERS, LACHONE TRICE, IKE A. NWAOBI, UNITED STATES OF AMERICA FOR US CORPS OF ENGINEERS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, TRC GLOBAL SOLUTIONS, INC., ELIZABETH WALLER, PRIMARY RESIDENTIAL MORTGAGE, INC., ET AL.,<br><br>RESPONDENTS. | CASE NO.<br>4:11-CV-00184-WLS |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE**

COMES NOW Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2 ("Deutsche Bank"), by and through its undersigned counsel, and hereby files its Brief in Support of Motion to Intervene, and shows this Court as follows:

**INTRODUCTION**

On or about September 9, 2011, Deutsche Bank entered into a Real Estate Purchase Contract (the "Contract") with James Musselman to sell certain real property more commonly known as 8082 Veterans Parkway, Unit 42, Columbus, Georgia 31909 (the "Property'). The Law

Office of Michael Eddings, P.C. (the "Eddings Firm") served as the closing attorney for the transaction. The closing took place on October 18, 2011. Subsequent to the Closing, the Eddings Firm sent Deutsche Bank a copy of the HUD-1 Settlement Statement and the accompanying wire transfer receipt. The wire transfer receipts on October 19, 2011 purport to show that $158,837.67 was wired to Deutsche Bank as proceed of the sale. Deutsche Bank has reviewed its records and determined that it never received a wire transfer from the Eddings Firm in connection with this transaction.

The funds were transferred to the account of the Eddings Firm where the funds were frozen by First American Title Insurance Company ("First American"). Deutsche Bank discovered that Columbus Bank and Trust ("CB&T") filed this interpleader action interpleading the funds with the Court. Deutsche Bank now seeks to intervene in the case, as Deutsche Bank is a presumed, but unnamed, party to the action, as Deutsche Bank has an existing claim to the funds that have been interpled in the above action. Deutsche Bank recently discovered that the funds had been interpled and filed its Motion to Intervene and Brief in Support hereof.

**ARGUMENT AND CITATION OF AUTHORITY**

Fed R. Civ. P. 24(a)(2) states, in pertinent part, that

> On timely motion, the court must permit anyone to intervene who:
> ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The 11th Circuit Court of Appeals has further elicited a 4-part test:

> A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the

> suit. If he establishes each of the four requirements, the district court must allow him to intervene.

Chiles v. Thornburgh, 865 F.2d 1197, 1213, 1898 U.S. App. LEXIS 1767, **47-48 (11th Cir. 1989).

As shown by Deutsche Bank's proposed Answer attached to the Motion as Exhibit "A", Deutsche Bank can meet the four-part test set forth by the 11th Circuit Court of Appeals. Deutsche Bank's Motion to Intervene is timely, and Deutsche Bank has an interest in the funds that have been interpled with the Court. [Document 29]. Deutsche Bank has a claim to the funds that have been interpled, and as such, disbursement of the funds without allowing Deutsche Bank to intervene would, as a practical matter, impede Deutsche Bank's ability to protect that interest. Finally, Deutsche Bank's interest would be inadequately represented by existing parties, as the action is to determine disbursement of the funds to claimants, and there are competing claims for the funds that have been interpled. [Documents 1-2, 4-10, 26, 34]. As such, Deutsche Bank may intervene in this action as a matter of right.

WHEREFORE, for the foregoing reasons Deutsche Bank prays that the Court grant its Motion to Intervene and file its Answer Asserting Interest in Interpled Funds.

Respectfully submitted this 21st day of May, 2012.

By: */s/Victoria C. Sand* _____

Kyle S. Kotake, Esq.
(Ga. Bar No. 428697)
Victoria C. Sand, Esq.
(Ga. Bar No. 190088)
JOHNSON & FREEDMAN, L.L.C
1587 Northeast Expressway
Atlanta, Georgia 30329
Email: vcsand@jflegal.com
Telephone: (678) 298-8850
Facsimile: (404) 329-8088
Attorneys for Respondent
Deutsche Bank National Trust Company

**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| COLUMBUS BANK AND TRUST COMPANY, A DIVISION OF SYNOVUS BANK,<br><br>PETITIONER,<br><br>v.<br><br>LAW OFFICE OF MICHAEL A. EDDINGS, P.C., FIRST AMERICAN TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE COMPANY, JEROME ROGERS, LACHONE TRICE, IKE A. NWAOBI, UNITED STATES OF AMERICA FOR US CORPS OF ENGINEERS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, TRC GLOBAL SOLUTIONS, INC., ELIZABETH WALLER, PRIMARY RESIDENTIAL MORTGAGE, INC., ET AL.,<br><br>RESPONDENTS. | CASE NO.<br>4:11-CV-00184-WLS |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date filed Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2's BRIEF IN SUPPORT OF MOTION TO INTERVENE with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to the following:

William L. Tucker, Esq.
Page, Scranton, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue
Third Floor, Synovus Centre
P.O. Box 1199
Columbus, Georgia 31902
*Attorneys for Columbus Bank & Trust Company, A Division of Synovus Bank*

Robert S. Poydasheff, Esq.
Harp & Poydasheff, LLC
P.O. Box 1172
Columbus, Georgia 31902
*Attorney for Law Office of Michael A. Eddings, P.C.*

Jeffrey Schneider, Esq.
Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
*Attorney for First American Title Insurance Company*

Frank R. Olson, Esq.
McCurdy and Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, Georgia 30305
*Attorney for Federal National Mortgage Association*

Ray L. Allison, Esq.
Denney, Pease & Allison
P.O. Box 2648
Columbus, Georgia 31902
*Attorney for Jeremy Rogers*

Christopher Meachem, Esq.
Meacham, Earley, Fowler, P.C.
P.O. Box 9031
Columbus, Georgia 31908
*Attorney for Lachone Trice and Ike A. Nwaobi*

Benjamin A. Land, Esq.
Buchanan & Land, LLP
P.O. Box 2848
Columbus, Georgia 31902
*Attorney for TRC Global Solutions, Inc.*

O. Wayne Spence, Esq.
O. Wayne Spence, P.C.
2945 Gardenia Street
Columbus, Georgia 31906
*Attorney for BMC Mortgage Corporation d/b/a First Banker's Mortgage Corporation and William Rembert*

Julie C. Jared, Esq.
Wargo & French, LLP
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia 30309
*Attorney for Wells Fargo Bank, N.A. Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificate Series 2007-AC3 and JP Morgan Chase Bank, N.A.*

This 21st day of May, 2012.

By: */s/Victoria C. Sand* ______
Kyle S. Kotake, Esq.
(Ga. Bar No. 428697)
Victoria C. Sand, Esq.
(Ga. Bar No. 190088)
JOHNSON & FREEDMAN, L.L.C
1587 Northeast Expressway
Atlanta, Georgia 30329
Email: vcsand@jflegal.com
Telephone: (678) 298-8850
Facsimile: (404) 329-8088
Attorneys for Respondent
Deutsche Bank National Trust Company